## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

GARRICK COX MD LLC,

       *Plaintiff,*

  v.

QUALCARE,

       *Defendant.*

Civil Action No. 16-5583

**OPINION**

**John Michael Vazquez, U.S.D.J.**

    This matter comes before the Court on the motion to remand filed by Plaintiff Garrick Cox MD LLC. D.E. 4. Defendant Qualcare filed a brief in opposition to which Plaintiff replied. D.E. 10, 12. The Court reviewed the submissions made in support and opposition to the motion, and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, Plaintiff's motion is **GRANTED** and this case shall be **REMANDED** to state court.[1]

## I.    FACTS AND PROCEDURAL HISTORY

    The crux of this matter is the allegation that Defendant refused to pay Plaintiff its reasonable and customary rates for medical services that Plaintiff provided to six, non-party patients. Plaintiff is a "provider of medical services" located in Wayne, New Jersey. Compl.

---

[1] Defendant Qualcare filed a motion to dismiss three days after Plaintiff's motion to remand. D.E. 5. Because the Court is granting the motion to remand, it does not reach the motion to dismiss.

Count One ¶ 1, D.E. 1. As pled, Defendant is an insurance company licensed to do business in New Jersey. *Id.* ¶ 2. Plaintiff, an "out-of-network provider," alleges that Qualcare provided Plaintiff preauthorization to perform surgery for each patient and that it would not have provided this medical care without the preauthorization. *Id.* ¶¶ 3-5. After each surgery, Plaintiff submitted bills to Qualcare but Qualcare has not paid Plaintiff the requested amount. *Id.* ¶ 6.

Plaintiff filed its Complaint on June 22, 2016 in New Jersey state court. On September 14, 2016, Defendant removed this matter to the District of New Jersey pursuant to federal question jurisdiction, alleging that the claims fall within the purview of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002 *et seq.* Notice of Removal ¶ 3, D.E. 1. Plaintiff filed this motion in response. Plaintiff contends that it is simply bringing breach of contract claims against Defendant due to an implied promise to pay usual and customary rates that Defendant made when authorizing or pre-certifying the six patients for surgery. As such, the dispute centers on the amount owed to Plaintiff, not the right to payment in general, according to Plaintiff. *See* Plf's Br. at 3, D.E. 4. Defendant counters that this matter actually involves an attempt to receive additional benefits under an ERISA employee benefit plan. Accordingly, Defendant contends, the matter was properly removed. Def's Br. at 2-3, D.E. 10.

## II.    LAW & ANALYSIS

A motion to remand is governed by 28 U.S.C. § 1447(c), which provides that removed cases shall be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." The party removing the action has the burden of establishing federal jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). This burden is heavy, because removal statutes are "strictly construed and all doubts should be resolved in favor of remand." *Id.* In matters where diversity jurisdiction is not alleged,

removal requires that "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Concepcion v. CFG Health Sys. LLC*, No. 13-02081, 2013 WL 5952042, at *2 (D.N.J. Nov. 6, 2013) (quoting *Boncek v. Pa. R. Co.*, 105 F. Supp. 700, 705 (D.N.J. 1952)). For removal to be proper, the federal court must have original jurisdiction to hear the case. 28 U.S.C. § 1441(a). In this instance, Defendant alleges that this Court has federal question jurisdiction, which applies "to all civil actions arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331. Specifically, Defendant argues that there is federal question jurisdiction because Plaintiff's state law claims are actually governed by ERISA. Notice of Removal ¶ 3.

In determining whether a complaint alleges a federal question, courts are generally guided by the well-pleaded complaint rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). There is an exception to the well-pleaded complaint rule when complete preemption exists. "[C]omplete preemption operates to confer original federal subject matter jurisdiction notwithstanding the absence of a federal cause of action on the face of the complaint." *In re U.S. Healthcare*, 193 F.3d 151, 160 (3d Cir. 1999). State law claims that fall into the scope of ERISA Section 502(a) are completely preempted. *See Progressive Spine & Orthopaedics, LLC v. Empire Blue Cross Blue Shield*, No. 16-1649, 2017 WL 751851, at *6 (D.N.J. Feb. 27, 2017). Here, Defendant did not explain which specific ERISA provision provided the basis to remove the matter to this Court. Because the Complaint only asserts state law causes of action and does not even mention ERISA, the Court assumes that Qualcare removed this matter pursuant to Section 502(a).

There is a two-part test to determine whether a state law claim is completely preempted under Section 502(a). A federal court has jurisdiction over a state law claim when (1) the plaintiff could have brought the action under Section 502(a) of ERISA[2] and (2) no independent legal duty supports the plaintiff's claim. *Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004); *see also Aetna Health Inc. v. Davila,* 542 U.S. 200, 210 (2004) (holding that a state law claim is completely preempted when action could have been brought under Section 502(a)(1)(B) and no other legal duty independent of ERISA exists). The test is fashioned in the conjunctive so that "a state-law cause of action is completely preempted only if *both* of its prongs are satisfied." *N.J. Carpenters & the Trs. Thereof v. Tishman Constr. Corp. of N.J.*, 760 F.3d 297, 303 (3d Cir. 2014) (emphasis added).

Plaintiff contends that its claims are not governed by ERISA because it is an out-of-network provider[3] and because it provided medical care only after it entered into agreements with Qualcare authorizing said care. Plf's Br. at 1, 3. Defendant counters that Plaintiff's claims are preempted because it seeks additional payments contrary to the terms and benefits of an ERISA plan. Def's Br. at 3.

As pled, Plaintiff alleges that it performed surgery on the relevant patients because of Qualcare's preauthorization. Compl. Count One ¶¶ 3-5. Thus, Plaintiff appears to be alleging

---

[2] A claim may be brought under Section 502(a) by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. 1132(a); *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 53 (1987).

[3] Plaintiff's blanket assertion that because it is an out-of-network provider, it is not subject to ERISA is incorrect. An out-of-network provider may still be subject to ERISA if there is a valid assignment of a claim from a beneficiary or participant. *See Pascack Valley Hosp.*, 388 F.3d at 401; *see also Univ. Spine Ctr. v. Horizon Blue Cross Blue Shield of N.J.*, No. 16-8222, 2017 WL 2560345, at *4 n.5 (D.N.J. June 13, 2017) ("It is now settled, however, that [an out of network] provider may obtain a derivative right to sue *via* a valid assignment from a plan participant."). Neither party addresses whether any of the patients assigned their rights to Plaintiff.

contractual or quasi-contractual claims. At the outset, the Court notes that Plaintiff's Complaint is a quintessential example of a notice pleading, which is permissible at the state level but insufficient in federal court. The two-page complaint largely contains legal conclusions and provides limited factual allegations to support Plaintiff's claims against Qualcare. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). However, the limited information in the Complaint is still enough for the Court to determine that Plaintiff's claims are not completely preempted by Section 502(a) and that, as a result, the Court lacks subject matter jurisdiction.

In *Pascack Valley*, the Third Circuit identified three key facts to support its conclusion that the plaintiff hospital's claims were predicated on an independent legal duty and not completely preempted under Section 502(a). 388 F.3d at 403-04. Those facts were that (1) the hospital's claims arose from a written subscriber agreement independent of the ERISA plan, (2) the participants and beneficiaries of the plan were not parties to the subscriber agreement, and (3) the dispute centered on the amount of payment as opposed to the right to payment, which depended on the terms of the subscriber agreement independent of the ERISA plan at issue. *Id.* All three of those factors support Plaintiff here. Plaintiff alleges that its claims arise through an independent verbal agreement with Qualcare, and it does not appear on the face of the pleading that the plan beneficiary patients were parties to this agreement.[4] Compl. Count One ¶¶ 3-6. Moreover, the

---

[4] The certification Plaintiff submitted in support of this motion actually calls into question Plaintiff's assertion that it provided services pursuant to a preauthorization agreement with Qualcare. In the certification, Plaintiff states that for emergency surgery the hospital, not Plaintiff, obtained approval to provide the medical care for the plan beneficiary patients. Christy Cert. ¶ 5. Of the six patients Plaintiff alleges that it did not receive full payment for, four had emergency surgery. *Id.* ¶ 3. Because this is a motion for remand, all doubts should be resolved in favor of remand. *Steel Valley Auth.*, 809 F.2d at 1010. Consequently, the Court will take Plaintiff's

dispute centers on whether Plaintiff is entitled to receive the usual and customary value for its medical services, or in other words, the amount of payment. Compl. Count Two ¶¶ 2-4. In short, Plaintiff is not claiming that it is entitled to payment pursuant to the patients' health benefit plans. Instead, Plaintiff alleges that its right to payment stems from a separate, verbal agreement with Defendant. As a result, for the same reasons as discussed in *Pascack Valley*, the second complete preemption prong is not satisfied. *Pascack Valley Hosp.*, 388 F.3d at 403-04; *see also Progressive Spine & Orthopaedics, LLC*, 2017 WL 751851, at *10 (concluding that the second complete preemption prong was not satisfied under similar facts).

Because the *Pascack Valley* test is conjunctive, the Court need not address the first complete preemption prong of *Pascack Valley*. *See Peterson v. Cigna Ins. Co.*, No. 14-3818, 2014 WL 4054120, at *2 n.2 (D.N.J. Aug. 15, 2014). Accordingly, Plaintiff's state law contract claims are not completely preempted by Section 502(a) and this Court lacks subject matter jurisdiction.

## III. CONCLUSION

In sum, Plaintiff's motion to remand (D.E. 4) is **GRANTED**. This case, therefore, shall be remanded to the Superior Court of New Jersey. An appropriate Order accompanies this Opinion.

Dated: July 27, 2017

John Michael Vazquez, U.S.D.J.

---

pleading as true and assume that it did in fact receive preauthorization through a quasi-contract for every patient's care here.

6